**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| FRANCISCO GARCIA and MANUEL ROSALES AGUILAR, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:23-cv-2485-SHL-cgc |
| JAC-CO CONSTRUCTION, INC. | ) ) ) | |
| Defendant. | ) | |

**ORDER AWARDING PLAINTIFFS ATTORNEY'S FEES AND COSTS**

Before the Court is Plaintiffs Francisco Garcia and Manuel Rosales Aguilar's Notice of Supplemental Filing (ECF No. 37), filed May 23, 2024, which completes their request for attorney's fees and costs as a part of their Motion for Entry of Default Judgment against Defendant Jac-Co Construction, Inc. (ECF No. 30).  For the following reasons, Plaintiffs are **AWARDED $5,040** in attorney's fees and **$402** in costs.  Jac-Co Construction, Inc. is **DIRECTED** to pay the attorney's fees and costs directly to Plaintiffs' attorney.

The Fair Labor Standards Act ("FLSA") authorizes the recovery of attorney's fees and costs where appropriate: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  Motions for attorney's fees "must be filed no later than 14 days after the entry of judgment; specify the judgment and the statute, rule, or other grounds entitling the movant to the award; [and] state the amount sought or provide a fair estimate of it . . . ." Fed. R. Civ. P. 54(d)(2)(B)(i–iii).  In addition, this district requires "an affidavit or declaration of counsel setting out in detail the number of hours spent on each aspect of the case, and the rate customarily charged by counsel for such work" and "an affidavit or declaration of

another attorney in the community, who is not otherwise involved with the case, setting out the prevailing rate charged in the community for similar services." LR 54.1(b).

Plaintiffs' attorney, Mr. Bryce Ashby, filed a declaration that specified the FLSA authority for attorney's fees, stated the totals hours (12.6 hours) and hourly rate billed ($400 per hour) for his work on this case, and detailed the total costs his firm incurred in filing this matter ($402). (ECF No. 30-3 at PageID 102.) However, the declaration was missing one additional requirement of the Local Rules. Therefore, to complete its request for attorney's fees and costs, the Court instructed Plaintiffs to file an "an affidavit from another attorney in the community attesting to the reasonableness of the hourly rates charged in the matter." (ECF No. 36 at PageID 124.) Plaintiffs' Notice of Supplemental Filing includes an affidavit from attorney Steve Wilson. (ECF No. 37-1 at PageID 127–28.)

Wilson, a Memphis-based attorney who is "a disinterested party" with "no financial stake in the case," declared that "the hourly rate of $400 sought by Mr. Ashby is definitely in line with the prevailing market rate for such cases, especially in light of Mr. Ashby's experience." (Id. at PageID 128.) Wilson also compliments Mr. Ashby's unique qualifications for this case and his law firm's employment law specialty. (Id.)

Wilson's declaration successfully completes Plaintiffs' request for attorney's fees and costs. Thus, Plaintiffs are **AWARDED $5,040** in attorney's fees and **$402** in costs pursuant to 29 USC § 216(b). Jac-Co Construction, Inc. is **DIRECTED** to pay the attorney's fees and costs directly to Plaintiffs' attorney.

**IT IS SO ORDERED,** this 31st day of May, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE